Judge Robertson
delivered the opinion of the court.
Leroy Cole and Mrs. Downey, being entitled to some money, and several negroes in Virginia, employed Callant to collect the money, and receive the slaves, and bring them to Kentucky. He went to Virginia accordingly, and collected $>341, and brought nine negroes, and delivered them to Cole and L. C. Downey, who acted as the agent of his mother, Mrs. Downey.
He stated to them, that his expenditures, and a just compensation for his personal service, would amount to about ‡560.
They were not satisfied with this charge. Wherefore it was mutually agreed to leave it to the arbitration of two men, who were present.
They decided that the account was reasonable, and that Callant was justly entitled to the amount charged.
Whereupon, Downey executed bis note for $158 27 cents, which was one half of the balance, after deducting the ‡341 15 cents, which had been collected and retained by Callant; and' Cole, in some way, paid or settled the other half.
Alexander, as assignee of Callanf, having obtained a judgment against Downey, on the note for $158 27 cents, the bill in chancery, in this case, was filed, to injoin the enforcement of the judgment. It charges, that Callant’s account was unreasonable, and unjust; that he fraudulently represented it to be *347 reasonable, and that the complainant was inclined to suspect, that more money had been collected by Cal-lant,than the sum for which he had accounted.
Falsehood or mistake, in general representation of value, not sufficient to vitiate contract, some fact must be , falsely suggested or concealed.
The injunction being granted, Callant and Alexander, answered. The allegations of the bill are denied ; and the validity of the statement is insisted upon.
The'circuit court by its final decree, perpetuated the injunction for the whole amount of the judgment, except $18 68 3-4 cents.
To reverse this decree, this writ of error is prosecuted with a supersedeas.
The decree is erroneous, for two reasons.
1st. There is no equity in the bill.
2d. If the bill contained equity, the evidence effectually destroys it.
The bill does not charge any mistake in the settlement. It does not impute any specific fraud. The allegation that Callant fraudulently represented that his account was reasonable and just, is too vague and indefinite; and if it were sufficiently explicit and direct, it would, nevertheless, furnish no equitable ground for an injunction. The value of Callant’s trip, was matter of opinion. An exaggerated estimate of it, by himself, would be no reason for setting aside or correcting the allowance made by Downey and Cole, if A, having land to sell, represents its value to be $¡20 per acre, B, who agrees to give that price, cannot, either at law, or in equity, resist the payment of the whole sum, by shewing that the land was not worth more than $,\0 per acre. If ahireling by the year, insists that his Services are worth $¡100, his employer, after agreeing to pay him that sum, cannot be entitled to a reduction of it, by proving that the services were not worth as much as $100.
If in this case^jany particular fact which was exclusively in the knowledge of Callant, had been falsely represented by him, Downey might be relieved, to the extent that the misrepresentation had influence on the settlement. But the bill does not charge any false or .fraudulent suggestion, or suppression of any. /act, by Cajlant. It suggests only a-suspicion, that *348 he collected more than $341; and for that, there is no pretext in the record.
Award can only be avoided by proving that arbitrators were guilty offraud, or made a palpable mistake in the law or, facts.
John Trimble and Depew, for plaintiffs; Allen and Simpson, for defendant.
Moreover, the arbitration cannot be revised by the chancellor, without a direct charge in the bill, and satisfactory proof in the cause, that the arbitrators either were guilty of fraud, or made a palpable mistake in the law or facts, on which their award was founded. And it is not every mistake of this kind, that will subject an award to a revision.
After submitting to arbitration, and approving the award, by executing his note, it is surely too late, according to any practice, or any known principle, for Downey to refuse to pay the amount of the note, for alleged excessiveness in tire account, or the award. If the decree in this case, were affirmed, ar-bitrations would be regarded more than useless; and settlements by parties themselves, would be idle and unavailing.
If Downey had refused tó comply with the award, nothing appears in this record which could have prevented Gallant from a recovery of the amount awarded, by a suit on the submission, aa fortiori, the chancellor should not enjoin a judgment on a note, executed in consideration of the award; unless there had been proof of fraud in procuring it, or it contain on its face, a papable mistake, it cannot be avoided.
Callant’s account may have been unreasonably high. But after the adjustment by the arbitration, and the execution of the note, it would be no more allowable to re-examine, and decide upon the items, than it would be, if the whole amount had.beenpaid.
The decree is reversed, and the cause remanded, with instructions to dissolve the injunction, with, damages; and dismiss the bill.